## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| OPERATING ENGINEERS LOCAL #49 HEALTH AND WELFARE FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, AND LOCAL #49 INTERNATIONAL UNION OF OPERATING ENGINEERS AND ASSOCIATED GENERAL CONTRACTORS OF MINNESOTA APPRENTICESHIP AND TRAINING PROGRAM AND THEIR TRUSTEES, | Civil No. 09-0242 (JRT/RLE) |

                                        Plaintiffs,

                                                              **FINDINGS OF FACT**
v.                                              **CONCLUSIONS OF LAW**
                                           **AND ORDER FOR DEFAULT**

WAGNER EXCAVATING, LLC,

                                        Defendant.

_____

Amy Court, **MCGRANN, SHEA, ANDERSON, CARNIVAL, STRAUGHN & LAMB, CHTD,** 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402, for plaintiffs.

This matter was heard before the undersigned on May 6, 2009. Amy L. Court of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

### FINDINGS OF FACT

1.      Plaintiffs filed a Summons and Complaint in this matter on February 3, 2009.

2.      Defendant was served with the Summons and Complaint in this matter on February 5, 2009.

3.      Defendant failed to file and serve a response or Answer to the Summons and Complaint.

4.      The Clerk entered Default on February 27, 2009.

5.      Plaintiffs are Trustees of the above-referenced fringe benefit funds ("Funds").  The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension and retirement, health and welfare, vacation, scholarship and training fringe benefits in accordance with their terms.

6.      Defendant is bound to a certain Collective Bargaining Agreement between the between the Highway, Railroad, and Heavy Division of the Associated General Contractors of Minnesota and the International Union of Operating Engineers, Local No. 49.

7.      The Collective Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contributions are being made.

8.      Pursuant to the Collective Bargaining Agreement an employer is "delinquent" in the submission of fringe benefit contributions if those contributions are not paid on or before the 15th day of the month after in which work as performed and a liquidated damages penalty of 15% of contributions due is assessed.

9.      The Collective Bargaining Agreement further provides that Plaintiffs are also entitled to audit an employer's payroll records and related documentation  The employer shall promptly furnish to the Trustees or their authorized agents, on demand, all necessary employment and payroll records, and any other relevant information relating to

its employees covered by this agreement for examination, whenever such examination is deemed necessary in connection with the proper administration of the Trust Funds.

10.     Defendant breached the terms of the Collective Bargaining Agreement by failing to timely to produce a completed set of the employment and payroll records for the period of April, 2008 through the present.

11.     Plaintiffs believe that the information provided in the records to be produced should confirm the amounts owing per to the fringe fund reports prepared by Defendant.  Therefore, Defendant shall be required to produce the records for the period April, 2008 through the present.

12.     Defendant has not contacted Plaintiffs or notified them that they are no longer performing work covered by the Collective Bargaining Agreement.

## CONCLUSIONS OF LAW

1.     Defendant is in default and Plaintiffs are entitled to entry of a Default Order.

2.     Defendant is liable to Plaintiffs for any delinquent fringe benefit contributions discovered to be due and owing pursuant to the audit, once conducted.

3.     Defendant is liable to Plaintiffs for liquidated damages in the amount of 15% of any delinquent fringe benefit contributions discovered to be due and owing pursuant to the audit, once conducted.

4.     Defendant is liable to Plaintiffs for their attorneys' fees and costs incurred in this matter.

## <u>ORDER</u>

**IT IS ORDERED:**

1.       That Plaintiffs' Motion for Default Order is granted.

2.       That Defendant shall produce for inspection and audit a complete set of the following business records for the period April, 2008 through the present:

a.       All payroll journals;

b.       All time cards;

c.       All Internal Revenue 941 quarterly report forms;

d.       All Internal Revenue W-2 forms for employees of Defendant and the W-3 forms;

e.       Defendant's payroll check register and sequential cancelled checks from Defendant's payroll account; and

f.       All Internal Revenue 1099 and 1096 forms.

3.       Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

4.       Production and inspection shall occur at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, within ten days of service of this Order upon them.

5.       That upon completion of the audit for the period April, 2008 to the present, if Defendant fail to make the payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions,

liquidated damages, and reasonable attorney fees and costs, as shown by Affidavit filed with Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

**IT IS ORDERED.**


DATED:  May 6, 2009
at Minneapolis, Minnesota.                           ___s/John R. Tunheim ___
                                                      JOHN R. TUNHEIM
                                                   United States District Judge